McLean v. St. John.

JOHN J. McLEAN, Assignee, etc.

v.

EMILY ST. JOHN, Adm'x.

SUIT BY ASSIGNEE IN BANKRUPTCY—JURISDICTION OF STATE COURT.—A common law action for the recovery of debts due the bankrupt may be prosecuted by an assignee in bankruptcy in the State courts.

ERROR to the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding. Opinion filed April 14, 1882.

Mr. R. A. HALBERT, for plaintiff in error; in support of the jurisdiction of the State court, cited Goodrich v. Wilson, 119 Mass. 429; Ward v. Jenkins, 10 Met. 583; Hanson v. Herrick, 100 Mass. 223; Otis v. Hadley, 112 Mass. 100; Kidder v. Horrobin, 72 N. Y. 159.

Messrs. WILDERMAN & HAMILL, for defendant in error; that the jurisdiction of the iederal court is exclusive in such cases, cited Rev. Stat. U. S. 969; *In re* Taylor, 4 Wall. 711; The Belfast, 7 Wall. 624; Alcott v. McLean, 16 B'y Reg. 79.

BAKER, J. This suit was brought by an assignee in bankruptcy, to collect assets of the bankrupt, claimed by the declaration to amount to $1,500. The St. Clair Circuit Court dismissed the suit for want of jurisdiction, at the cost of the plaintiff. The sole question submitted is as to the jurisdiction of the State court. It was held by the Supreme Court of the United States, in Claflin v. Houseman, assignee, 93 U. S. 130; that under the bankrupt act of 1867 as it stood before the revision of 1874, an assignee in bankruptcy might sue in the State courts to recover assets of the bankrupt, no exclusive jurisdiction having been given to the courts of the United States.

By section 711 of the Revised Statutes of the United States, it is declared that the jurisdiction vested in the courts of the United States, in the cases and proceedings thereinafter mentioned, shall be exclusive of the courts of the several States. The sixth of the eight classes of cases specified in the section, is " of all matters and proceedings in bankruptcy." Matters and proceedings in bankruptcy, within the meaning of this section, includes only such matters and proceedings as pertain to the special and peculiar jurisdiction of the federal courts as courts of bankruptcy. A common law action prosecuted by an assignee in a State court, to recover a debt due the bankrupt, does not call upon the State court for the exercise of jurisdiction in bankruptcy, but merely invokes the court to use its

ordinary common law jurisdiction. Kidder v. Horrobin, 72 N. Y. 159; Claflin v. Houseman, *supra*.

Our attention is also called to Sec. 2, chapter 390, of the act of Congress of June 22, 1874. It has been expressly decided, both by the Supreme Judicial Court of Massachusetts and by the Court of Appeals of the State of New York, that the effect of the amendment then made is not to confer or take away jurisdiction of the State courts, but simply to allow the Federal courts of original jurisdiction to decline to entertain actions at common law, to which the assignee is a party, in which the debt demanded is less than the amount which determines the jurisdiction of those courts in other cases. Goodrich v. Wilson, 119 Mass. 429, and Kidder v. Horrobin *supra*. With the reasoning and authority of these two courts we are content.

It was error in the circuit court to dismiss the suit before us for want of jurisdiction, and render judgment against the plaintiff for costs.

The judgment is reversed and the cause remanded.

Reversed and remanded.